## William H. Parsons et al. v. Hatton-Snowden Company et al.

1. CORPORATIONS—*Appropriation of Funds by its Officers, etc.*—The fact that the president of a corporation received, as a part of the consideration for the sale of its property, a note, the proceeds of which, when paid, he used to pay a debt of the corporation upon which he was personally liable, is not such an appropriation of its funds as amounts to a fraud upon other creditors.

2. PREFERENCES—*Stockholders and Preferred Creditors.*—The fact that a preferred creditor of a corporation is a stockholder, does not of itself make the preference unlawful.

**Creditor's Bill.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 4, 1895.

JOHN J. McCLELLAN, attorney for appellants.

PERCY L. SHUMAN, attorney for appellee Lizzie Hatton, executrix.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
This bill is filed against the appellee company and several individuals by creditors of the company.

The ground upon which it is now sought to reverse the decree dismissing the bill is narrowed to this:

That in June, 1887, the company sold its property, and that on that sale Frank Hatton, who was president of the company, received as part of the consideration, a note for

$15,700, which was afterward paid, and appropriated it to his own use, on the pretense that the company was indebted to him in that amount; and that such appropriation was an unlawful preference by Hatton to himself, fraudulent as to other creditors under the doctrine of Beach v. Miller, 130 Ill. 162; Roseboom v. Whittaker, 132 Ill. 31, and Atwater v. American Exchange Nat. Bk., 152 Ill. 605; Gottlieb v. Miller, Oct. 29, 1894, Ill. S. C. All that is proved in the case is that the note was used to pay a debt of the company, on which Hatton was personally liable.

The appellants offer neither authority nor argument that such an appropriation is a fraud upon other creditors of the company. The effect of holding it to be a fraud would be that creditors of the company, to whom directors were personally liable, would be in a worse condition than those who were creditors of the company only, though such directors were wholly insolvent. It has been held that the fact that the preferred creditor was a stockholder did not make the preference unlawful. Reichwald v. Commercial Hotel Co., 206 Ill. 439. A creditor secured by any sort of collateral should be in no worse condition.

If he obtained payment without resort to the collateral, and that was property of the company, equity would deal with it as the case might require. The decree is affirmed.